Edward Burns, Esq. (SBN 201913)
Lisa Reichenthal, Esq. (SBN 179836)
BURNS & SCHALDENBRAND
509 North Coast Highways
Oceanside, California 92054
Telephone (760) 453-2189
Facsimile (760) 453-2194
ewburns@bsrlawyers.com
lisar@bsrlawyers.com

Attorney for Plaintiff, Affirmed Marketing, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFFIRMED MARKETING, LLC,<br>Plaintiff,<br>v.<br><br>PLUMBING SUPERMARKET; KOOKY KIDS; HOME SWEET HOME DIRECT; and DOES 1-25;<br>Defendants | Case No.: '17CV0660 MMAKSC<br><br>**COMPLAINT FOR FEDERAL PATENT INFRINGEMENT; STATE TRADEMARK INFRINGEMENT; FEDERAL AND STATE UNFAIR COMPETITION; AND STATE INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff AFFIRMED MARKETING, LLC, (“Affirmed”) alleges against Defendants PLUMBING SUPERMARKET (“Plumbing”) and DOES 1 – 25 (collectively, “Defendant” or “Defendants”) as follows:

**INTRODUCTION**

1. This action is brought to prevent Defendants’ continuing unauthorized and willful infringement of the patent in connection with United States Utility Patent No. 6,574,915 (‘915 patent) that covers the products known as “Spider Catcher” and

"Critter Catcher" (the "Catchers"); trademark infringement of Plaintiff's "My Critter Catcher" trademark serial no. 87072504; unfair competition; and intentional interference with Plaintiff's license agreement.

2. Affirmed therefore brings this Complaint for Federal Patent Infringement under the patent laws of the United States, 35 U.S.C. §§ 101, 271 and 289, Unfair Competition under the Lanham Act 15 U.S.C. § 1051 et. seq., and State Causes of Actions for Trademark Infringement, Intentional Interference with Contract and Unfair Competition.

3. This suit is for preliminary and permanent injunctions, statutory damages, treble damages or profits, compensatory damages, punitive damages, pre-judgment interest, attorney's fees, investigator fees and costs as a result of Defendants' willful and knowing manufacture, sale, offers for sale, distribution, importing, promotion and/or advertising of any products infringing on infringements on the Federally registered patent and trademark.

4. If Defendants are not enjoined from trading on the goodwill established by Affirmed, Affirmed will suffer irreparable harm in that consumers and potential consumers are likely to be confused and to falsely believe that Defendants infringing wheels originate from and/or are sponsored by, approved by, or affiliated with Affirmed.

## THE PARTIES

5. Plaintiff Affirmed is a limited liability company organized and existing under the laws of the State of Michigan, with its principal place of business at 30080 Brookview Drive, Livonia, MI 48152.

6. Affirmed is informed and believes, and on that basis alleges, that Defendant Plumbing Supermarket ("Plumbing" or "Defendant") is a United Kingdom company that does business throughout the United States including California and this District, with distribution center located in the United States at 1600 Worldwide Boulevard, Hebron, Kentucky 41048.

7. Affirmed is informed and believes, and on that basis alleges, that Defendant Kooky Kids ("Kooky" or "Defendant") is a United Kingdom company that does business throughout the United States including California and this District, with an address of Unit 4D The Green Green Street, Macclefield SK10 1JH.

8. Affirmed is informed and believes, and on that basis alleges, that Defendant Home Sweet Home Direct ("Home" or "Defendant") is a United States company that does business throughout the United States including California and this District, with an address of 7019 115th Ct. SE, New Castle, WA 98056.

9. Doe Defendants 1 – 25 are entities and individuals who acted jointly and in concert to commit the acts complained of herein. The Doe Defendants true names and capacities are presently unknown to Plaintiff but are likely to be obtained through discovery. Together with Defendant Plumbing, Kooky and Home each of the fictitiously named Defendants is responsible in some manner for the acts and occurrences alleged in this complaint. Defendant Plumbing and each of the fictitiously name Defendants proximately caused the damages alleged herein.

**JURISDICTION AND VENUE**

10. The Court has subject matter jurisdiction over the patent infringement claim pursuant to the patent laws of the United States, Title 35 of the United States Code. The Court has subject matter over all claims pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), 1338 (b), 15 U.S.C. § 1051 et. seq., and supplemental jurisdiction under 28 U.S.C. § 1367 for State Causes of Actions of Trademark Infringement, Intentional Interference with Contract and Unfair Competition under Cal. Bus. & Prof. Code § 17200 et. seq.

11. The Court has personal jurisdiction over Defendants for one or more of the following reasons.

a. Defendants have done, and continue to do, business in the State of California and with one or more residents of the State of California including in this District, and its commission of acts of patent infringement; trademark

infringement, unfair competition and intentional interference with contract in this District;

b. Defendants have offered and continues to offer products constituting patent and trademark infringement, unfair and deceptive trade practices and intentional interference with Plaintiffs Licensing Agreement relating to this complaint in the State of California, including in this District;

b. Defendants have made substantial sales and shipments of the infringing goods within the State of California, including in this District;

c. Defendants have sold its products to residents of the State of California, including in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. §1391 because Defendants have transacted and continues to transact business within this District, has sold and continues to offer for sale in this District, products that constitute infringement, and has sold and continues to offer for sale products within this District that constitute unfair and deceptive practices, unfair competition and intentional interference with contract, which are part of the events giving rise to this action.

**DEFENDANTS' WRONGFUL CONDUCT**

13. Affirmed distributes and sells many products in North & South America. One of its biggest sellers are the Catchers marketed under the "Critter Catcher" and "Spider Catcher" which is covered by the '951 patent. It sells to customers in all North and South American countries.

14. Since at least as early as 2016, Affirmed has provided consumers with the Catchers covered under the '915 patent.

15. On January 10, 2013, United States Patent No. 6,574,915 was duly and legally issued by the United States Patent and Trademark Office. The '915 patent has remained in force since the time and continues to be in force. A true and correct copy of the patent is attached hereto as EXHIBIT A and is incorporated herein by reference.

16. The patent is described as a hand-held whisk trap for live arthropods.

17. Affirmed is the exclusive licensee and distributor in all of North and South America of the ‘915 patent with all substantial rights in and to the ‘915 patent, including the right to bring this action for any past or present infringement of the ‘915 patent, collect past and present damages and obtain injunctions, such conveyance having been memorialized in an agreement dated March 20, 2016 with Anthony Allen the ‘915 patent holder. A true and correct copy of the agreement is attached hereto as EXHIBIT B and is incorporated herein by reference.

18. The Catchers are described as a hand-held whisk trap for live arthropods.

19. Affirmed owns the trademark “My Critter Catcher”, serial number 87072504, in class 21: “Hand-held whisk traps for live arthropods” as shown by EXHIBIT C, incorporated by reference herein.

20. The Catchers are associated with Affirmed in the minds of consumers, the public and the trade. They identify high quality products associated and originating with Affirmed.

21. Affirmed has gone to great lengths to protect its name and enforce the 915’ patent and its “My Critter Catcher” trademark serial no. 87072504, including but not limited to, through numerous cease and desist letters, including those to Defendants.

22. Upon information and belief, after the federal patent registration, Defendants began manufacturing, using, selling, offering for sale, importing, distributing, promoting and/or advertising a product in interstate commerce entitled “Stv Gotcha Spider Catcher”, “My Spider Catcher”, and “Spider Catcher” which are infringements of ‘915 patent.

23. On information and belief, Defendants are producing, distributing and selling the product known as Stv Gotcha Spider Catcher, My Spider Catcher, and Spider Catcher (the “infringing products”) in North America on Amazon, appearing as shown in EXHIBIT D and EXHIBIT E, incorporated by reference herein.

24. On information and belief, Defendant Plumbing advertises, promotes and sells the infringing product on Amazon as “Plumbing Supermarket U.S.A.” and states “sold by Plumbing Supermarket USA” as shown in EXHIBIT D, incorporated by reference herein.

25. Defendant Plumbing ships from its United States distribution center as shown by the shipping label which states for the address “Plumbing Supermarket USA, 1600 Worldwide Blvd., Hebron, KY 41048 USA”. A true and correct copy of the shipping label is attached as EXHIBIT F, hereto and incorporated by reference herein.

26. All Defendants ship their infringing product for sale to the United States and into the state of California, including into this district as shown by EXHIBIT F incorporated by reference herein.

27. Defendants products as shown in EXHIBIT G and incorporated by reference herein, and Plaintiff’s product are shown in EXHIBIT H and incorporated by reference herein are attached for a comparison. A side by side comparison of the Plaintiff’s Catcher and Defendants’ infringing products shows Defendants’ product is identical to the ‘915 patent products used by Affirmed.

28. On information and belief, Defendants own or control the website located at: www.plumbingsupermarket.co.uk, which promotes and features the infringing product and also states it ships worldwide.

29. Plaintiff has sent cease & desist letters to all Defendants which included the exclusive license agreement between Plaintiff and Anthony Allen.

30. Because of the cease & desists, Defendants were aware that Plaintiff is the exclusive licensee to distribute and sell the Catchers in all of North and South America, yet Defendants intentionally continued to sell the infringing product in North and South America.

///

31. The infringement by Defendants of the 915' patent and the infringement of the trademark serial no. 87072504 is likely to cause consumers, the public and the trade to believe erroneously that the goods sold by Defendants emanate or originate from Affirmed, or that said items are authorized, sponsored, or approved by Affirmed, even though they are not.

32. This confusion causes irreparable harm to Affirmed and weakens the distinctive quality of the catchers and the '915 patent.

33. This confusion causes irreparable harm to Affirmed and weakens the trademark serial no. 87072504.

34. Defendants were aware of Plaintiff's exclusive license and still continued to sell the infringing product intentionally and tortuously interfering with the license.

35. Defendants have unfairly benefited and profited from Affirmed's outstanding reputation for high quality products and its significant advertising and promotion of its catcher products.

36. Defendants have profited through infringment of the 915 patent and the trademark serial no. 87072504. As a result of Defendants' unlawful infringements, Affirmed has suffered and will continue to suffer damage. Affirmed is entitled to recover from Defendants the damages suffered by Affirmed as a result of Defendants' unlawful acts.

37. Plaintiffs have lost sales throughout North and South America because of Defendants conduct described above.

38. On information and belief, Defendants' infringement of the '915 patent and the trademark serial no. 87072504 is willful and deliberate, entitling Affirmed to enhanced damages and reasonable attorney fees and costs.

39. On information and belief, Defendants have acted with reckless disregard for Affirmed's rights or were willfully blind in connection with their unlawful activities.

40. On information and belief, Defendants intend to continue their unlawful infringing activity, and Affirmed continues to, and will continue to suffer irreperable harm for which there is no adequate remedy at law from such unlawful infringing activity unless the Defendants are enjoined by this court.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT** NO. 6,574,915

41. Affirmed incorporates by reference the allegations set forth in Paragraphs 1 through 40 inclusive of this Complaint as though fully set forth herein.

42. Affirmed is the exclusive licensee and distributor in North and South America of all right, title and interest in the Catchers covered by, U.S. Patent No. 6,574,915.

43. Upon information and belief, in violation of 35 U.S.C. § 271, Defendants are, and have been, directly infringing, contributing to the to the infringement of and/or inducing others to infringe '915 patent by making, using, selling, and/or offering to sell in the United States, or importing into the United States, products that are covered by the claims in the 915' patent.

44. Defendants have profited through the infringement of the 915' patent in North and South America and as a result of Defendants unlawful infringement of the '915 patent, Affirmed has suffered and will continue to suffer damages. Affirmed is entitled to recover from Defendants the damages suffered by Affirmed as the result of its unlawful acts.

45. On information and belief, Defendants intend to continue its unlawful infringing activity, and Affirmed continues to and will continue to suffer irreparably harm for which there is no adequate remedy at law from the such unlawful infringing activities unless the Court enjoins Defendants from further infringing activities.

///

///

///

**COUNT II**

**FEDERAL UNFAIR COMPETITION**

46. Affirmed incorporates by reference the allegations set forth in Paragraphs 1 through 45 inclusive of this Complaint as though fully set forth herein.

47. Plaintiff alleges that since the date Plaintiff acquired the rights to the '915 patent, and the "My Critter Catcher" trademark serial no. 87072504 and continuously since, Defendants have been making, using, and/or offering for sale products embodying the patented invention in the United States, and infringing on Plaintiff's trademark and has consequently been engaged in unfair trade practices and unfair competition against Plaintiff to Plaintiff's irreparable damage.

**COUNT III**

**INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

48. Affirmed incorporates by reference the allegations set forth in Paragraphs 1 through 47 inclusive of this Complaint as though fully set forth herein.

49. Plaintiff has a valid contract with Anthony Allen d/b/a The Mill House and owner of the Spider Catcher products. The contract is a license agreement giving Plaintiff the exclusive right to distribute and sell the Catchers throughout all of North and South America. The agreement is attached as EXHIBIT B and incorporated by reference herein.

50. Defendants' knew of the contract because Plaintiff sent two cease and desist letters with the contract included in the letter.

51. The contract states the Plaintiff is the exclusive distributor and licensee of the Catcher products in all of North and South America. Defendants are aware of this and still intentionally continued to sell infringing products throughout North and South America making Plaintiff's performance on the contract much more difficult to sell.

52. Plaintiff has been harmed by Defendants conduct as described above.

53. Defendant's continued infringement and selling in North and South America was a substantial factor in Plaintiff's harm.

**COUNT IV**

**STATE TRADEMARK INFRINGEMENT**

54. Affirmed incorporates by reference the allegations set forth in Paragraphs 1 through 53 inclusive of this Complaint as though fully set forth herein.

55. Defendants have offered for sale the products with the infringing "My Critter Catcher" on them in the United States infringing on United States Trademark Serial No. 87072504.

56. Defendants' conduct alleged herein was intended to use Plaintiff's trademark in a manner which is likely to confuse and mislead member of the relevant public as to the source, sponsorship, approval or license of Defendants and of certain of Defendants' products, and as to the false association or affiliation of said products with Affirmed. Defendants' conduct as alleged herein was intended to confuse and mislead members of the public, and members of the public will believe that Plaintiff sponsored, approved, or is affiliated with Defendants and that Affirmed originated, approved or licensed the tires.

57. Defendants' conduct alleged herein infringes Plaintiff's common law trademark rights, is improper and constitutes common law trademark infringement and unfair competition, all of which have damaged and will continue to irreparably damage Plaintiff's goodwill and reputation unless restrained by this Court, because Wheel Pros has no adequate remedy at law for Defendants' conduct.

**COUNT V**

**STATE UNFAIR COMPETITION**

58. Affirmed incorporates by reference the allegations set forth in Paragraphs 1 through 57 inclusive of this Complaint as though fully set forth herein.

///

///

59. Defendants have engaged in unfair trade practices within the meaning of the California Business and Professions Code §§ 17200 *et. seq*., by engaging in the acts alleged herein, including:

a. Causing a likelihood of confusion or a mistake as to the source, sponsorship, approval or certification of Defendants' goods'

b. Causing a likelihood of confusion or misunderstanding as to the affiliation, connection or association of Defendants' products with Plaintiff and its goods;

c. Representing that some of their goods have sponsorship, approval, characteristics or qualities that they do not have, or that Defendants' products have a sponsorship, approval, status, affiliation or connection that they do not, in fact, are;

d. Disparaging the goods and business of Affirmed by making false and misleading representations of fact; and

e. Engaging in other conduct which similarly creates a likelihood of confusion or of misunderstanding.

60. Defendants' actions alleged herein and their unlawful trade practices are willful and intentional and are likely to cause substantial injury to the public and to Affirmed, and Affirmed, therefore, is entitled to injunctive relief pursuant to California Business and Professions Code § 17203.

**PRAYER FOR RELIEF**

WHEREFORE, Wheel Pros prays for judgment against Defendants as follows:

(a) For preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283, enjoining Defendants and each of their partners, officers, directors, associates, agents, servants, and employees, and all others acting or attempting to act in concert with Defendants, from directly or indirectly infringing the '915 patents.

(b) For a judgment declaring that Defendants have infringed upon the '915 patent;

///

///

(c) For a judgment awarding compensatory damages in the minimum amount of $1,000,000 as a result of Defendant's infringement of the '915, together with interest and costs, and in no event less than a reasonable royalty;

(d) For a judgment declaring that Defendant's infringement of the '915 patent has been willful and deliberate;

(e) For treble damages and prejudgment interest as authorized by 35 U.S.C. § 284 as a result of Defendant's willful and deliberate infringement of the '915 patent;

(f) A judgment that Defendants' have infringed the trademark;

(g) A judgment that Defendants' infringement of the trademark was willful, intentional and malicious;

(h) That Defendants, and each of their agents, servants, employees, attorneys, successors and assigns and all persons in active concert or participation be enjoined and restrained preliminarily and perpetually and permanently from:

a. Infringing any of common law trademark of United States trademark serial no. 87072504;
b. Using in any manner Plaintiff's trademark (including, without limitation, the, "My Critter Catcher" trademark), alone or in combination with any word or words, or using any other words, symbol, configurations or designs which so resemble said marks as to be likely to cause confusion, deception or mistake, on or in connection with the advertising, offering for sale or sale of any product which is not manufactured, distributed or otherwise authorized by or for Affirmed;
c. Attempting to inducing or enabling others to sell any product as a product affiliated with or sponsored by Affirmed, which product is not produced under the authorization, control and supervision of Affirmed and approved by Affirmed for sale under Plaintiff's trademark;

d. Committing any acts calculated or intended to cause purchasers to believe falsely that any of Defendants' products are associated with, sponsored by, approved by, guaranteed by, affiliated with or produced under the control and supervision or within the authority of Affirmed;

e. Otherwise competing unfairly with Affirmed in any manner;

f. Obtaining, possessing, shipping, delivering, distributing, returning or otherwise disposing of in any manner advertising materials, goods or inventory bearing Plaintiff's trademark, (including, without limitation, the "My Critter Catcher" trademark), which materials, goods or inventories were not manufactured by or for Plaintiff or authorized by Plaintiff to be used, sold or offered for sale in association with or bearing the Affirmed trademark;

g. Obtaining, possessing, manufacturing or using any tools, dies, stamping, mixing, embossing, printing, labeling, packaging, silk screening, molding equipment or any other apparatus designed especially for the manufacture or labeling of unauthorized products bearing the Plaintiff's trademark and packaging and advertising or display material relating thereto; or

h. Continuing to perform in any manner whatsoever any infringing acts.

(i) That Defendants be required to deliver immediately to Affirmed or its attorneys for destruction any and all products, guarantees, warranties, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional and other material in its possession or control bearing the infringing trademark;

(j) That Defendants be required to deliver immediately to Affirmed or its attorneys for destruction any and all products, guarantees, warranties, circulars, price lists, labels, signs, prints, packages, wrappers, pouches, receptacles, advertising

matter, promotional and other material in its possession or control bearing the infringing trademark, alone or in combination with any other words, or any other words or symbols which so resemble the Plaintiff's trademark as to be likely to cause confusion, mistake or deception, which is or can be used in connection with the advertising, offering for sale, or sale of any product or service which is not manufactured, distributed or otherwise authorized by Affirmed;

(k) That Defendants' be required to supply Affirmed or its attorneys with a complete list of entities from whom it purchased and to whom it distributed and sold products, in bulk, in connection with the unauthorized simulation of Wheel Pros' trademark.

(l) That Affirmed be awarded damages against Defendants adequate to compensate Affirmed for Defendants' infringement of the trademark;

(m) That all trademark damages against Defendants be trebled on the basis of Defendants' willful infringement of the trademark;

(n) All costs and attorneys' fees incurred in this action.

(o) That Defendants be required to pay Wheel Pros punitive and enhanced damages in an amount as the Court may determine for malicious, willful, intentional, deliberate and tortious conduct of Defendants.

(p) For such other and further relief as the Court deems just and proper.

March 29, 2017 BURNS & SCHALDENBRAND

By /Edward Burns/____________

EDWARD BURNS, ESQ.
Attorney for Affirmed Marketing

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Affirmed Marketing hereby demands a jury trial on all issues in the Complaint so triable.

Dated: March 29, 2017

BURNS & SCHALDENBRAND

By /Lisa Reichenthal/____________

LISA REICHENTHAL, ESQ.
Attorney for Affirmed Marketing